# UNITED STATES DISTRICT COURT

for the
District of Colorado

In the Matter of the Search of )
7520 Krameria Street, Commerce City, Colorado, )  Case No.   19-sw-6057-SKC
80022 more fully described in Attachment A, )
attached hereto. )
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the _____State and_____ District of _____Colorado_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 842(a)(1) | Manufacturing or dealing in explosive material without a license |
| 26 U.S.C. §§ 5841, 5861(d), and 5871 | Possessing Unregistered Firearms |

The application is based on these facts:
- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Scott Dahlstrom*

_____
*Applicant's signature*

Scott Dahlstrom, Special Agent FBI
_____
*Printed name and title*

Sworn to before me and:  ☐ signed in my presence.
☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: **10/24/2019**

_____
*Judge's signature*

City and state: _____Denver, CO_____

Magistrate Judge S. Kato Crews
_____
*Printed name and title*

**ATTACHMENT A**

**<u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>**



7520 Krameria Street, Commerce City, Colorado 80022

The Subject Premises is located at 7520 Krameria Street in Commerce City, Colorado, and is a white in color residential structure that has a brown door.  The numbers 7520 are visible on the mailbox.  The premises to be searched includes the residence and all rooms, attics, basements, storage areas, floors, walls and combination safes, lockers and lock boxes, briefcases, containers, trash areas, surrounding grounds and outbuildings assigned to or part of this particular property, the garage areas, vehicles associated to occupants of the residence, as well as the persons of adults located at the premises at the time of execution of this search warrant.

## ATTACHMENT B

## <u>DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED</u>

The following items, located within the residence at 7520 Krameria Street, Commerce City, Colorado 80022 (the Subject Premises), that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 842(a)(1) (Manufacturing or dealing in explosive material without a license) and 26 U.S.C. §§ 5841, 5861(d), and 5871 (Possessing Unregistered Firearms) (collectively hereinafter "Subject Offenses"), including the following:

1.  Any and all evidence related to the manufacture, sale, and/or possession of any explosive, incendiary or destructive devices, including containers, bottles, tools, hammers, gasses, powders, smokeless powder, tape, matches, flammable liquids, lighters, candles, fuses, pipes, fittings, reducers, glue, or any other items that could be constructed into said devices.

2.  Any evidence of the purchase and/or procurement of any explosive, incendiary or destructive devices and any materials and instructions to construct such devices, including receipts, bills of sale, instructions, research, formulary, notes, documents, or other records and items related to the procurement or construction of such devices.

3.  Any travel information including bus schedules, transit information, directions, maps, and other receipts or documents indicating travel.

4.  Any evidence of planning an attack or event including notes, diaries, manifestos, research (including inquiry about hours of operation, location or layout of malls, stores or other public places), maps or schematics, historical research, photographs, or other evidence related to such plans.

5.  Any safe deposit box keys, storage keys or records pertaining to safe deposit boxes or storage units or areas where destructive devices or materials for such devices may be located.

6.  Any information identifying associates engaged in distributing or purchasing destructive devices and/or materials and/or the laundering of proceeds related to distribution of destructive devices.

7.  Cash, currency, financial instruments, and/or records relating to the laundering, secreting, and/or distribution of monies related to the proceeds of procuring or distributing of destructive devices, and any and all financial documents and records which may evidence financial transactions relating to obtaining, transferring, laundering, secreting or spending the proceeds of the sale of destructive devices.

8.  Photographs showing destructive devices or materials and people in possession of such items.

9.  Indicia of ownership including registration documents, insurance, bills, mail, lease agreements, bank statements, legal documents, or subscriptions.

10. Information about usernames or any online accounts or email addresses that include username "Ky Sch."

11. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

12. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses.

13. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant relating to the Subject Offenses:

   a.  evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

   b.  evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c.  evidence of the lack of such malicious software;

   d.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   e.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   f.  evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   g.  records of or information about Internet Protocol addresses used by the COMPUTER;

h.  information about usernames or any online accounts or email addresses that include "Ky Sch";

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  contextual information necessary to understand the evidence described in this attachment;

l.  volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

m.  any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

n.  items otherwise described above in paragraphs **1-11** of this Attachment B.

DEFINITIONS:

14. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

15. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.